IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

STEPHEN CHRISTOPHER                                                              PLAINTIFF
ADC #070231

V.                                          NO. 5:05CV00294 JMM

LARRY NORRIS, et al                                                                DEFENDANTS

ORDER

On October 20, 2005, Plaintiff, a pro se inmate currently confined to the Pine Bluff Work Complex of the Arkansas Department of Correction, filed this 42 U.S.C. § 1983 civil rights action (docket entry #2) along with a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1). Plaintiff submitted the proper financial information in compliance with § 1915(a)'s requirements; accordingly, in forma pauperis status was granted (docket entry #3).

**I. Background**

According to Plaintiff's complaint, he appeared before the Post Prison Transfer Board in January 2005, which resulted in his transfer to the Pine Bluff Unit in March 2005. Plaintiff alleges that Defendant Wright and the Arkansas Department of Correction have classified him as a sex offender even though he was not convicted of a sex crime, which is preventing his release. Plaintiff requests a Court order releasing him from prison on or before November 30, 2005, as well as an award of damages.

After granting Plaintiff in forma pauperis status (docket entry #3), he was notified that should his case be subsequently dismissed on the grounds that it is: 1) frivolous or malicious; 2) fails to state a claim upon which relief may be granted; or 3) seeks monetary

relief against a defendant who is immune from such relief, there would be no provision for a refund of any portion of his filing fee. Id. § 1915A.

## II. Standard

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity. Id. § 1915A(a). A federal court must dismiss a prisoner's complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b). Moreover, this Court may sua sponte dismiss a complaint filed in forma pauperis at any time if it determines that the action fails to state a claim upon which relief can be granted. Id. § 1915(e)(2)(B)(ii), § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

Dismissal for failure to state a claim is proper only if, accepting each allegation as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992). In addition, pro se complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." Haines, 404 U.S. at 520-21.

## III. Analysis

In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court delineated what constitutes a habeas action as opposed to a § 1983 claim. The essence of habeas corpus is an attack by a person in custody upon the legality of that custody. Id. at 484. The label

a prisoner gives to his suit is not controlling. Id. at 489-90.  Therefore, if Plaintiff is in effect challenging the fact of his incarceration, then his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, rather than a civil rights complaint pursuant to § 1983.  Id. at 499.  State prisoners are required to exhaust their available state court remedies before bringing federal habeas corpus claims.  28 U.S.C. § 2254(b) & (c).  A claim is considered exhausted "when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim."  Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993).

The essence of Plaintiff's complaint is an attack on the validity of his continued incarceration due to an allegedly incorrect classification.  He seeks a Court order releasing him from prison.  The fact that he has labeled this a § 1983 action is not controlling.  The type of claim Plaintiff has raised, if proven, would affect the term of his sentence and result in his immediate release from confinement; therefore, to the extent Plaintiff challenges the fact of his incarceration, his claims are not presently cognizable here.  Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (court must look to substance of relief sought to determine if action is § 1983 suit or habeas corpus action; prisoner's labeling of suit is not controlling); Wilson v. Lockhart, 949 F.2d 1051, 1051-52 (8th Cir. 1991) (challenge which would result, if successful, only in earlier eligibility for parole and not necessarily earlier release, should nonetheless be brought as habeas petition).  Furthermore, the Court declines to consider this case on the merits as a § 2254 habeas petition because it is apparent from the face of the complaint that Plaintiff has not claimed--much less proven-- that he has exhausted his available state court remedies; therefore, dismissal without prejudice is appropriate.  28 U.S.C. § 2254(b)(1)(A) (court shall not grant writ of habeas

corpus unless applicant has exhausted remedies available in state court system); Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998) (§ 2254 petitioner has burden to show all available state remedies have been exhausted or that exceptional circumstances exist).

In addition, the fact that Plaintiff seeks damages from Defendants will not save his case. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by issuance of a federal writ of habeas corpus. Heck, like the case at bar, involved a criminal conviction. To reiterate, Plaintiff's allegations, if proven, would necessarily result in his immediate release from confinement. Absent any allegation that Plaintiff has successfully challenged this claim through appropriate state or federal procedures, his § 1983 claim for damages is not cognizable. For these reasons, Plaintiff's claims against Defendants are dismissed without prejudice to refiling at such time as a successful challenge has occurred. See Childs v. Howard, 242 F.3d 374 (8th Cir. Dec. 21, 2000) (unpub. table op.) (plaintiff cannot use damages suit to avoid challenging lawfulness or length of confinement); see also Schafer v. Moore, 46 F.3d 43 (8th Cir. 1995).

### IV. Conclusion

For the reasons explained herein:

1.   Plaintiff's case is DISMISSED WITHOUT PREJUDICE for FAILURE TO STATE A CLAIM. Plaintiff is in effect challenging the fact of his incarceration; therefore,

his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, rather than a civil rights complaint pursuant to § 1983.

2. Any pending motions are DENIED AS MOOT.

3. The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), THAT AN IN FORMA PAUPERIS APPEAL from this order and any judgment entered hereunder, WOULD NOT BE TAKEN IN GOOD FAITH.

4. Pursuant to Armentrout v. Tyra, 175 F.3d 1023 (8th Cir. Feb. 9, 1999) (unpub. table op.), an action dismissed without prejudice under Heck, counts as a "STRIKE" pursuant to 28 U.S.C. § 1915(g).[1]

IT IS SO ORDERED this 9th day of November, 2005.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.